**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 00-6111-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA,

    Plaintiff,

vs

CRAIG NORMAN TURTON,

    Defendant.

_____/



## DETENTION ORDER

Pursuant to Title 18, U.S.C. § 3142(f), on January 12 2001, a hearing was held to determine whether the Defendant, Craig Norman Turton, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and the safety of any other person and the community. Therefore, it is hereby ordered that the Defendant, Craig Norman Turton, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The Defendant is charged with false statement to obtain passport. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the Defendant is substantial. The Defendant



applied for a United States passport using a false name in January, 2000. He produced phony documents. In April, 2000, agents approached the Defendant regarding this event. The defendant fled and eluded capture. In January, 2001, agents returned to the Defendant's home. The Defendant's father related he was not home. The Defendant fled again but was caught.   18 U.S.C. 3142(g)(2).

3. The pertinent history and characteristics of the Defendant are as follows: the Defendant is a Belize national. He resides locally with his parents. He has no job and has a lengthy arrest record. He has convictions for grand theft and operating a chop shop. He has an earlier arrest for flight and one conviction for failure to appear in Court.

His parents reside in Lake Worth. He is single and no children. He hs no assets and doesn't work regularly.   18 U.S.C. §3142 (g)(3)(A) and (B).

Based on the Defendants repeated flight, the undersigned believes that he would not appear if released on bond prior to trial.  18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Defendant continues to engage in criminal activity and is likely to do so if released. Accordingly, the Defendant constitutes a danger to other persons or the community.  18 U.S.C. § 3142(g)(4).

5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the Defendant's appearance as required and the safety of any other person and the community.  18 U.S.C. § 3142(e).

Based on the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this Defendant presents a danger to the community.   Based on the above findings of fact, which were supported by the

2

preponderance of the evidence, the Court has concluded that this Defendant presents a risk of flight.

The Court hereby directs:

1. That the Defendant be committed to the custody of the Attorney General for the confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the Defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED this 17th day of January, 2001 at West Palm Beach, Florida.

LINNEA R. JOHNSON
CHIEF U. S. MAGISTRATE JUDGE

cc: Counsel of Record